**UNITED STATES of America**

v.

**William YOUNGWORTH.**

No. C–CR–85–64.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 23, 1987.

Max Cogburn, Chief Asst. U.S. Atty., Asheville, N.C., for U.S.

Mark Michael, Charlotte, N.C., for defendant.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion to dismiss the charges in the Indictment or in the alternative to order that the Government not be allowed to introduce at the trial any telephone conversations to which Defendant Youngworth was a party.

A hearing on the Defendant's Motion was held on March 19, 1987 at Charlotte, North Carolina at which Defendant was represented by Mark A. Michael, Attorney at Law, and the Government was represented by Max O. Cogburn, Jr., Chief Assistant United States Attorney.

Defendant Youngworth was charged along with eight other Defendants in an Indictment filed July 9, 1985 with conspiracy to possess and distribute heroin, and with possession and aiding and abetting the

possession of heroin with intent to distribute.

The matter first came on for trial at the October 1985 Criminal Term and was continued on Motion of Defendant because Defendant needed additional time to hire counsel.

The case came on for trial at the December 1985 Criminal Term, but on Motion of Defendant Youngworth was continued to January 6, 1986, Defendant Youngworth's counsel asserting that the case was complex and due to his recent appointment, he had not had adequate time to prepare. In the order for continuance, the Court also noted that many of the other defendants had filed Motions for subpoenas for several witnesses who were in State and Federal custody and that the U.S. Marshal's Service would not be able to obtain custody of those witnesses, transport them to this District, and arrange for housing within the time available.

On January 6, 1986, the day trial was to begin, Defendant Youngworth filed a Motion to compel production of an itemized record of calls and tapes of calls to eight different telephone numbers (all calls from Terre Haute Federal Prison) on several different dates. Defendant Youngworth also filed on January 6, 1986 a Motion to dismiss all charges against Defendant because the Government had destroyed exculpatory material and had failed to comply with Court-ordered discovery requests.

On January 6, 1986, the Government informed the Court that it had tapes of some but not all of the tapes of the phone calls Defendant Youngworth requested. The Court directed the Government to give Youngworth's attorney the tapes it had available and to obtain other tapes of the calls requested from Terre Haute if possible and give those to Defendant Youngworth. With regard to the tapes that were allegedly destroyed the Government informed the Court that no tapes had been erased since Defendant Youngworth's Motion for production of tapes was made on December 6, 1985, and that the Government had sent many of the tapes it had requested back to Terre Haute where they

had been recycled and erased, but that if the tapes could be located it would have them shipped back to North Carolina. As to the missing logbooks the Government stated that there was only one relevant call on channel 5 and none on channel 6, and that the logsheet for channel 5 would be obtained if it existed. The Court then directed the Government to produce the requested tapes and logbooks that were still in existence and denied Defendant's Motion to dismiss or to continue the case at that time. The written Order was filed January 14, 1986.

When the case was called for trial the Court severed Youngworth's case and continued his case until the February 1986 Criminal Term, on Defendant's Motion.

On January 27, 1986, Defendant Youngworth, through counsel, moved for continuance from the February 1986 Criminal Term on the ground that Defendant's attorney and the Assistant United States Attorney had interviewed a potential witness, that additional investigation of the witness was being conducted but was not yet complete and that both defense counsel and the Assistant United States Attorney hope that the investigation may avoid the need for trial. The Court thereupon continued the case to the April 1986 Criminal Term after finding that the ends of justice served by allowing the continuance outweighed the best interests of Defendant and the public in a speedy trial. This Order was filed January 30, 1986.

On February 6, 1986, Defendant Youngworth's attorney moved for Judicial Determination for Release Date and Setting of Bond stating that Youngworth would be released from prison on his prior conviction on February 24, and requesting a hearing to inquire into the correct release date and to set a bond on the charges in this case. On February 24, 1986, the Magistrate released Defendant on a $25,000 unsecured bond.

On March 21, 1986, the Magistrate ordered the Government to provide defense counsel no later than April 1, 1986 with transcripts or access to tapes that were the subject of this Court's Order filed January

14, 1986. On April 17, 1986, in confirmation of an oral motion by the Assistant United States Attorney at calendar call, Defendant Youngworth filed a Motion to continue on the ground, among others, that counsel had long standing plans for an out of the country firm retreat for which reservations had been made.

On April 18, 1986 Youngworth filed a Motion to continue in confirmation of oral Motion for the reason, among other things, that Defendant Youngworth was attempting to secure further information relative to this case.

On April 21, 1986, the Court granted Defendant's Motion to continue to the June 1986 Term.

On May 7, 1986 Youngworth, through counsel, moved the Court for a continuance from the June 1986 Criminal Term because Defendant's counsel had reserved a beach house for vacation from June 15 through June 22 stating Defendant would be ready for trial the weeks of June 2, and June 9. The Court denied this Motion in an Order filed May 13, 1986.

Defendant Youngworth granted his own Motion for continuance by failing to appear as directed on June 24, 1986. A warrant for his arrest was issued, and Defendant Youngworth was arrested January 26, 1987.

On January 26, 1987, Defendant Youngworth's attorney filed a Motion to continue on the grounds of serious illness with pneumonia since January 17, 1987. The Court, on January 27, 1987, granted the Motion to continue the case until the April 1987 Criminal Term.

Trials for the April 1987 Criminal Term start on March 30, 1987.

On March 18, 1987 Defendant filed a Motion to dismiss all charges against him for the reason that the Government had failed to preserve tapes of what Defendant alleges were exculpatory conversations, or in the alternative to prohibit the use by the Government of any telephone tapes of Defendant at trial of this action.

At the hearing on March 19, 1987, the Court heard the Defendant's testimony as to his contention that the missing calls were exculpatory. Defendant testified that during the time of the conspiracy with which he is charged in this Indictment he had used the code words "condo" and "motorcycle" to mean cocaine. He used those code words when talking with different contacts in the taped telephone conversations which the Government will play at trial. Defendant further testified that in two of his telephone conversations which were taped at Terre Haute prison and which tapes were in existence at the time of the Court's Order of January 14, 1986 and are now missing, he uses the same code words for cocaine. Defendant alleges that since those conversations were had after the conspiracy charge here terminated on February 27, 1985, that the use of those code words in the tapes of those conversations would corroborate his testimony which he intends to give at trial that the use of those code words during the time of the conspiracy referred to cocaine and not to heroin as alleged in the Indictment and that therefore the missing tapes would be exculpatory.

To dismiss these charges on the Defendant's story, which the Court does not believe after observing and hearing Defendant testify, would be a travesty of justice. The trial of this Defendant has been continued for over a year on various Motions of Defendant to continue and because of Defendant's failure to appear when he was directed to do so on June 24, 1986.

There is no question that the Court ordered preserved the tapes which Defendant contends are exculpatory, but after a year's delay it is not difficult to understand that these tapes could be lost or misplaced.

The Government, although not having many rights in a criminal trial, does have the right to present its evidence to satisfy its burden of proof beyond a reasonable doubt. The Court in determining the balance of fairness between suppressing the Government's evidence because Defendant has testified that the two missing tapes contain code words for cocaine which he had used during the time of the alleged heroin conspiracy and allowing the Govern-

ment to present its evidence finds that the interests of justice favor the denial of Defendant's Motion. In the first place, the Court simply does not believe Defendant's testimony that he remembers those code names were used in those particular calls. In the second place, the chance that the tapes would be lost or taped over increased with each delay occasioned by Defendant's manipulation of the system through repeated Motions to continue, and failure to appear.

In any event, if Defendant is to testify that these code words "condo" and "motorcycle" meant "cocaine" in the taped conversations that the Government will play, the playing of tapes of conversations using those code names, after the time the heroin conspiracy terminated, if in fact they were used, will not make his story any more believable. In weighing the value of these alleged corroborating tapes against the dismissal of the charges against Defendant or the suppression of the Government's evidence, the Court finds that the interests of justice, in the light of all the circumstances here, demand that the Government be allowed to present its evidence to the jury for its determination of the guilt or innocence of Defendant.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion to Dismiss the charges or to Suppress the Government's evidence of Defendant's taped telephone conversations is *DENIED*.

The Clerk is directed to certify copies of this Order to Defendant, defense counsel, and the United States Attorney.